UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET J. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: 15 CV 04556 |
| v. | ) | |
| | ) | Assigned Judge: Virginia M. Kendall |
| COMMUNITY & ECONOMIC | ) | |
| DEVELOPMENT ASSOCIATION OF | ) | Designated Magistrate Judge: |
| COOK COUNTY INC., BABETTE | ) | Maria Valdez |
| THOMPSON and EDMOND GEORGE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THOMPSON'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO DISMISS COUNT VII OF PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant, Babette Thompson ("Thompson"), by her attorneys, Debrai G. Haile and Lily M. McNulty of Laner Muchin, Ltd., hereby submits her Memorandum of Law in support of her Motion to Dismiss Count VII of Plaintiff's First Amended Complaint, and states as follows:

## I.     FACTUAL AND PROCEDURAL BACKGROUND

CEDA is a non-profit agency. (Am. Compl. at ¶ 6) CEDA employed Plaintiff at its 567 W. Lake Street office in Chicago, Illinois from January 2001 until April 17, 2012. (Am. Compl. at ¶ 5-6) During Plaintiff's employment, CEDA employed Defendant Thompson as a Center Director. (Am. Compl. at ¶ 7-8) Thompson supervised Plaintiff. (Am. Compl. at ¶ 15) CEDA terminated Plaintiff on April 17, 2012.

On June 30, 2015, Plaintiff filed her First Amended Complaint against the Defendants. (Dk. 15) Plaintiff asserts a tortious interference claim against Thompson and claims that she interfered with her employment relationship with CEDA. (Am. Compl. at ¶ 52-57)

## II.    LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court is neither bound by the plaintiff's legal characterizations of the facts, nor is it required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).  The court may dismiss a complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) where it is clear from the face of the plaintiff's complaint that no relief can be granted under any set of facts consistent with the allegations.  *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).  Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the U.S. Supreme Court explained that, while Rule 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The Supreme Court held in *Iqbal* that in order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face . . . .'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).  Thus, "a pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

## III.   PLAINTIFF'S TORTIOUS INTERFERENCE WITH EMPLOYMENT EXPECTANCY CLAIM AGAINST THOMPSON (COUNT VII) SHOULD BE DISMISSED

To state a claim for tortious interference with employment expectancy, a plaintiff must show: (1) she has a reasonable expectation of entering into a valid business relationship or had a valid employment relationship; (2) the defendant knew of the expectancy or relationship; (3) *purposeful interference* by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid employment relationship or leads to the termination of such a valid

employment relationship; and (4) damages to the plaintiff resulted. *Ricco v. Southwest Surgery Center, LLC*, 73 F. Supp. 3d 961, 973 (2014) (emphasis added).

To establish the third element, a plaintiff must allege facts demonstrating that the defendant acted with the aim of interfering with the plaintiff's expectancy of continued employment and that the defendant's actions were improper. *See Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 485 (1998) (the element of "purposeful" or "intentional" interference requires that the plaintiff show "that the defendant has committed some impropriety" in interfering with his or her expectancy of continued employment) (quoting Restatement (Second) of Torts § 766B, Comment a (1979) ("In order for the actor to be held liable, this Section requires that his interference be improper")). Stated differently, a tortious interference complaint must establish that the defendant made "false representations, threats, or engaged in any surreptitious conduct which induced any personnel to terminate their employment contracts with the plaintiff." *TAD, Inc. v. Siebert*, 63 Ill. App. 3d 1001, 1006 (1st Dist. 1978); *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 513 (1991) (holding plaintiff's amended complaint failed to state a tortious interference cause of action because it did not sufficiently allege that the defendant's actions were "unjustified or malicious.").

Furthermore, where a defendant was an employee acting on behalf of an employer when the alleged interference occurred, the plaintiff must additionally allege facts that establish the employee "induced the breach [of plaintiff's contract] to further their personal goals" and "acted contrary to the best interests of the corporation." *George A. Fuller Co. a Div. of Northrop Corp. v. Chicago College of Osteopathic Medicine, et al.*, 719 F.2d 1326, 1333 (7th Cir. 1983) (affirming the District Court's dismissal of plaintiff's tortious interference claim for failure to state a cause of action because plaintiff did not sufficiently allege that the individual defendants

3

acted out of "personal motive" and without intent to further the interests of the company); *Vickers v. Abbott Laboratories*, 308 Ill. App. 3d 393, 411 (1999) (a corporate officer acting on behalf of a corporation can be held liable for interference with employment expectancy only where he placed his own interests ahead of the corporation's interests).

Plaintiff's First Amended Complaint fails to sufficiently plead the third element of a tortious interference claim. First, Plaintiff does not identify what Thompson allegedly said or did that allegedly induced CEDA to terminate her employment. In fact, it is plainly clear she does not know if Thompson played any role in CEDA's decision to terminate her, as she only claims that "upon information and belief" Thompson directed and/or influenced CEDA's decision to terminate her employment, without identifying the factual basis of this "information and belief." (*See* Am. Compl. at ¶ 24) Second, Plaintiff does not allege that Thompson made false representations to CEDA, or engaged in surreptitious conduct, that led to CEDA's decision to terminate her employment. This is not surprising since Plaintiff has alleged no facts regarding Thompson's unstated role in CEDA's decision to terminate her employment. Third, Plaintiff does not allege that Thompson engaged in any action against Plaintiff to pursue her own personal interests nor does she allege how these unstated personal interests were contrary to the interests of CEDA. Indeed, in Paragraph No. 10 of the First Amended Complaint, Plaintiff alleges that CEDA and Thompson undertook the alleged discriminatory and retaliatory acts "pursuant to a policy, custom and/or pattern and practice of discrimination and retaliation." In other words, Plaintiff alleges that all Defendants were acting in concert in furtherance of a common policy and practice and that Thompson undertook the alleged actions within the scope of her authority as a CEDA employee. Therefore, Plaintiff has affirmatively alleged that Thompson was not acting to pursue her own personal interests nor was she placing her interests above that of CEDA

4

in connection with CEDA's decision to terminate her employment. This allegation alone is fatal to Plaintiff's tortious interference claim against Thompson, which requires that she sufficiently allege the exact opposite.

In sum, Plaintiff has not and cannot establish that Thompson purposefully interfered with her employment expectancy at CEDA in the manner required by applicable law. Therefore, Count VII should be dismissed with prejudice.

## IV.     CONCLUSION

Thompson respectfully requests that this Court dismiss Count VII of the Amended Complaint with prejudice and for such other relief as this Court deems just and appropriate.

Dated:  October 29, 2015                              Respectfully submitted,

                                                      BABETTE THOMPSON


                                                      By:  /s/ Lily M. McNulty
                                                           One of Her Attorneys

Debrai G. Haile  (6243058)
Lily M. McNulty (6314093)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

<u>**CERTIFICATE OF SERVICE**</u>

I, Lily M. McNulty, an attorney, hereby certify that on October 29, 2015, I caused the foregoing **Memorandum of Law in Support of Her Motion to Dismiss Count VII of Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)**, in the above-captioned matter, to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

Gerald A. Golden
Collette A. Brown
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, Illinois 60602-3801
Attorneys for Plaintiff

/s/ Lily M. McNulty
One of Its Attorneys
